JUDGE CASTEL

14 CV 2813

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIFTH STREET PRODUCTIONS, INC.,

Plaintiff,

v.

HASBRO, INC.,

Defendant.

**NOTICE OF REMOVAL**



PLEASE TAKE NOTICE that, on this date, Defendant Hasbro, Inc., by and through its attorneys, Holland & Knight LLP, respectfully files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and states as follows:

<u>BACKGROUND</u>

1.      On or about March 31, 2014, Plaintiff Fifth Street Productions, Inc. ("Plaintiff") commenced an action against Hasbro, Inc. ("Hasbro") by filing a complaint (the "Complaint") in the Supreme Court of the State of New York, New York County, Index No. 651012/2014 (the "State Court Action").  A copy of the Complaint filed in the State Court Action is attached at Exhibit 1.

2.      On April 15, 2014, Hasbro formally agreed to accept service of the Complaint.

3.      In the Complaint, Plaintiff asserts claims of Breach of Contract (Count I) and Promissory Estoppel (Count II) against Hasbro.

## JURISDICTIONAL STATEMENT

4.      This is a civil case over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), and that is properly removed to this Court pursuant to 28 U.S.C. § 1441.

5.      As set forth in more detail below, the action satisfies the requirements for jurisdiction under 28 U.S.C. § 1332(a) because and the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

### The Amount in Controversy Exceeds $75,000

6.      Plaintiff seeks in excess of $75,000 in each of the two causes of action asserted in the Complaint.

7.      In Count 1 (Breach of Contract). Plaintiff alleges that Hasbro was contractually obligated to pay Plaintiff a bonus in connection with annual increases in retail sales on SCRABBLE brand products.  (Complaint ¶ 50.)  Plaintiff alleges that the total amount of the bonus due exceeds $1,000,000.  (Complaint ¶ 51.)

8.      In Count II (Promissory Estoppel). Plaintiff alleges that, in reliance on a promise made by Hasbro regarding the force and effect of the parties' contract, Plaintiff withdrew a statement that Hasbro asked it to cease making.  (Complaint ¶ 56.)  Plaintiff alleges that, as a result, it has suffered monetary damages exceeding $1,000,000.  (Complaint ¶ 60.)

### Complete Diversity Exists

9.      Under 28 U.S.C. § 1332(c), a corporation is a citizen of the state under whose laws it is organized or incorporated, and the state of its principal place of business.

10.     As alleged in the Complaint, Plaintiff Fifth Street Productions, Inc. is incorporated under the laws of the State of New York and has its principal office in the State of New York.  (Complaint ¶ 3.)

11.     Defendant Hasbro, Inc. is presently, and was at the time the State Court Action was filed, a Rhode Island corporation with its principal place of business at 1027 Newport Avenue, Pawtucket, Rhode Island 08862.

12.     Because Plaintiff is a citizen of New York and Hasbro is a citizen of Rhode Island, complete diversity exists at this time, and existed at the time the State Court Action was filed.  *See* 28 U.S.C. § 1332(c).

13.     Because Hasbro is not a citizen of the State of New York, where the State Court Action was filed, this action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1441(b)(2).

## REMOVAL PROCEDURE & NOTICE

14.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings and other papers received by Hasbro in the State Court Action, including the Complaint, are attached to this Notice of Removal at Exhibit 1.

15.     A Notice of Removal is timely under 28 U.S.C. § 1446(b) if it is filed within thirty days of Hasbro's receipt of the initial pleading.  Plaintiff filed the Complaint on March 31, 2014.  Hasbro received the Complaint on April 2, 2014 and formally agreed to accept service on April 15, 2014.  Hasbro files this notice of removal on April 18, 2014, which is within thirty days of Plaintiff's filing of the Complaint, and within the removal deadline set by 28 U.S.C. § 1446(b).

16.     The United States District Court for the Southern District of New York is the proper court for removal as it embraces the district and division within which the Complaint was filed, *i e .* New York County, New York.  *See* 28 U.S.C. § 1446(a).

17.     In accordance with 28 U.S.C. § 1446(d), Hasbro will promptly serve a copy of this Notice of Removal on counsel for Plaintiff, and will file a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York.

## RESERVATION OF RIGHTS

18.     In filing this Notice of Removal, Hasbro reserves all defenses that may be available to it, including, but not limited to, defenses relating to lack of jurisdiction, improper venue and insufficiency of service and/or process.

WHEREFORE, Defendant Hasbro, Inc. respectfully submits that this Notice of Removal complies with the statutory removal requirements and Local Civil Rule 81.1 (Removal of Cases from State Courts), and Hasbro respectfully requests that this action now pending in the Supreme Court of the State of New York, New York County, be removed to the United States District Court for the Southern District of New York.

Dated: April 18, 2014

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:_____
          Robert J. Burns

31 West 52nd Street
New York, New York 10019
Tel: (212) 513-3200
Fax: (212) 385-9010
robert.burns@hklaw.com

*Counsel for Defendant Hasbro, Inc.*

#28966109_v2

5

# EXHIBIT 1

YSCEF DOC NO 2                                                          RECEIVED NYSCEF 03/31/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x

FIFTH STREET PRODUCTIONS, INC ,

                          Plaintiff,                                Index No ·

     -against-                                          **COMPLAINT**

HASBRO, INC.,

                          Defendant.
------------------------------------------------------------------------x

       Plaintiff Fifth Street Productions, Inc. ("Fifth Street" or the "Agency"), by its attorneys, Rakower Lupkin PLLC, as and for its Complaint herein, alleges upon knowledge with respect to itself and its conduct and upon the basis of information and belief as to all other matters, as follows

       1       Plaintiff Fifth Street Productions, Inc ("Fifth Street" or the "Agency") brings this breach of contract action against Defendant Hasbro, Inc. ("Hasbro") to enforce certain compensation terms pursuant to a contract between Hasbro and Fifth Street for publicity campaigns concerning Hasbro, its SCRABBLE line of word games, the SCRABBLE trademark, and the National SCRABBLE Association

### THE PARTIES

       2       Plaintiff Fifth Street is a public relations agency    John D Williams, Jr ("Williams") and Jane Ratsey Williams are the principal owners of Fifth Street.  Williams is currently the Chief Executive Officer.  (Prior to starting Fifth Street, Williams provided public relations services concerning SCRABBLE and the SCRABBLE Marks (defined below) under the d/b/a Williams & Company )

3.      Fifth Street was incorporated in the State of New York as a domestic business corporation on January 5, 1998.  Its principal office is located at 403 Front Street, Greenport, New York 11944.

4       Defendant Hasbro is a manufacturer, designer, and seller of toys, games and puzzle products, including the SCRABBLE line of word games.  Hasbro is the owner of the "SCRABBLE" trademark and the "NATIONAL SCRABBLE ASSOCIATION" service mark in the United States and Canada (together, the "SCRABBLE Marks").

5       Hasbro was incorporated in the State of Rhode Island as a domestic profit corporation on January 8, 1926   Its principal office is located at 1027 Newport Avenue, Pawtucket, Rhode Island 02862   Hasbro has an active registration to do business in New York as a foreign corporation, having initially registered with New York State on October 11, 1968

## JURISDICTION AND VENUE

6       This Court has personal jurisdiction over Hasbro pursuant to CPLR 301 and CPLR 302(a)(1) because Hasbro transacts and regularly does business within the State of New York   Hasbro currently maintains an office at 1107 Broadway, New York, New York 10010-2891, where it conducts its general sales meetings and presentations, and had previously maintained an office at 32 West 23rd Street, New York, New York 10010-5264.  Hasbro's agent for service of process in New York State is C T Corporation System, located at 111 Eighth Avenue, New York, New York 10011

7       This Court is the proper venue for this action pursuant to CPLR 503(a) and (c) and 509 because Hasbro's principal New York office is located at 1107 Broadway, New York, New York, 10010-2891.   At certain points during the relevant times herein, Hasbro also maintained an office located at 32 West 23rd Street, New York, New York 10010-5264.

8       For the duration of his 24-year relationship with Hasbro, including the time period relevant to the allegations herein, Williams typically met with Hasbro's marketing executives and representatives in New York City multiple times per year and traveled to New York City at least twice per month to represent Hasbro and SCRABBLE in television appearances, meetings with media agencies, interviews with the press, and to manage SCRABBLE-related events and workshops (*e g* The New York Times's "Man vs Computer" event and New York City Parks and Recreation workshops)

9       In contrast, Williams met with Hasbro's marketing executives and representatives in Rhode Island, Hasbro's principal place of business, fewer than a dozen times over 25 years and traveled to Rhode Island for a SCRABBLE-related publicity event fewer than five times

## NATURE OF THE ACTION

10      From 1982 to 2013, Williams (and later Fifth Street) provided brand marketing, publicity, and other services to promote the SCRABBLE board game and the SCRABBLE Marks to the public  Williams and Fifth Street were a critical component in facilitating the growth of the SCRABBLE board game, which is now sold in over 120 countries, is available in over 25 languages, and more than 150 million sets have been sold worldwide  The SCRABBLE Marks have also garnered a high degree of recognition with consumers, thereby generating substantial licensing opportunities

11      Williams's working relationship with Hasbro began in or about 1989, around the time Hasbro purchased the rights to SCRABBLE from Coleco Industries ("Coleco")  Before Hasbro acquired the rights to SCRABBLE, Williams had worked with SCRABBLE's previous owners and manufacturers – initially, Selchow & Righter and later, Coleco

3

12      Since 1987, one of Williams's principal responsibilities was to administer the National SCRABBLE Association, which coordinated with local clubs in the United States and Canada to organize and publicize SCRABBLE tournaments, including the National SCRABBLE Championship   Beginning in 1987, Williams served as Executive Director of the National SCRABBLE Association and became the official spokesperson for the SCRABBLE board game

13      To prepare for his duties and role with respect to the National SCRABBLE Association, Williams immersed himself in the rules of the game and studied strategies tournament-caliber players employ to win   As part of these efforts, Williams spent two years training under Joe Edley, a three-time National SCRABBLE Championship winner   Williams himself played in numerous tournaments, ultimately competing at the expert level

14      During his tenure, Williams co-founded the World SCRABBLE Championship, established the National School SCRABBLE Program, which used the SCRABBLE game as a teaching tool for students, co-authored the book entitled "Everything SCRABBLE", created and co-produced five ESPN SCRABBLE television shows, and was profiled in "Word Wars," an Emmy-nominated documentary film, and "Word Freak," a New York Times best-selling book, each about the SCRABBLE cultural phenomenon

15      After spending three decades promoting SCRABBLE, Williams was frequently referred to by the public, media, and Hasbro executives as "Mr  SCRABBLE "

16      Williams's and Fifth Street's brand marketing and publicity campaigns for SCRABBLE, over the last 30 years, has contributed substantially to the SCRABBLE Marks achieving a level of distinction, recognition, and good-will with customers

17      In recognition of the immense value of the SCRABBLE Marks, Hasbro created new games derived from the SCRABBLE board game, including but not limited to, SCRABBLE

4

Flash; SCRABBLE Slam; SCRABBLE Slam Deluxe; SCRABBLE Apple; SCRABBLE Apple Crossword; and SCRABBLE Scramble to Go (the "New SCRABBLE Games").  At Hasbro's request, Fifth Street tested these games, provided feedback, and later marketed the final products to the SCRABBLE community.

18    Hasbro also recognized that it would be valuable to associate existing games with the SCRABBLE Marks.  As a result, it now sells SCRABBLE Boggle, SCRABBLE Catch Phrase, and SCRABBLE Scattergories, and perhaps other games under the SCRABBLE brand (collectively, the "Newly-Branded SCRABBLE Games")  The Newly-Branded SCRABBLE Games are typically no different from their predecessor versions except that the new versions now include "SCRABBLE" in the name and the SCRABBLE Marks on the game board and packaging

19    Hasbro paid Williams, initially, and Fifth Street, following its formation, on a monthly basis  Prior to 2005, Hasbro determined compensation for the work based upon annual budgets submitted by Williams & Company (Williams's d/b/a prior to forming Fifth Street), initially, and Fifth Street, upon its formation.  Each year, Hasbro would sign the annual budget once the numbers were finalized, and payment would be rendered monthly.

20.    In 2005, Hasbro and Williams memorialized the scope of Fifth Street's brand marketing and publicity services and compensation structure in a written contract, dated March 1, 2005 (the "Agreement"), annexed hereto as Exhibit 1.

21.    The Agreement commenced with a one-year term from January 1, 2005 through December 31, 2005 (the "Initial Term"), and contemplated annual renewals by mutual agreement of the parties.

5

## Fifth Street's Duties and Compensation Structure During the Initial Term

22.     The Agreement stated that Fifth Street's duties "shall relate to and consist of the performance of services related to securing publicity for the [SCRABBLE brand products] and the [SCRABBLE] Marks."  (Agreement, § 1(a)).

23.     Section 1 of the Agreement delineated a variety of tasks for Fifth Street relating to the operation and administration of a SCRABBLE fan organization, including responsibility for:

      a.     local SCRABBLE tournaments;

      b.     a regular SCRABBLE newsletter;

      c.     a fan organization website;

      d.     publicity materials for the fan organization, its members, and the media; and

      e.     responding to media inquiries regarding the fan organization.

24.     Section 3(a) of the Agreement required Hasbro to pay Fifth Street $350,000 during the Initial Term for those services pertaining to the fan organization.  Section 3(a) also required the parties to negotiate in good faith over the fees for such services relating to the fan organization in subsequent renewal years

25.     In addition, Section 1 of the Agreement assigned responsibility for the following matters to Fifth Street:

      a.     School SCRABBLE Program,

      b.     National SCRABBLE Championship;

      c.     ProLiteracy Worldwide SCRABBLE Program;

      d.     Hasbro's liaison during the National SCRABBLE Championship with ESPN (or any other broadcasting entity);

      e      attendance at regular meetings with Hasbro's Public Relations Department and marketing brand teams; and

      f      crisis management on any public relations issues Hasbro faced

26.      Section 3(a) of the Agreement required the parties to negotiate a mutual agreeable fee on an annual basis for those services set forth in Paragraph 25(a)-(f) herein.

27.      In addition to fees for services contemplated in Paragraphs 23 and 25 herein, the Agreement also allocated to Fifth Street, assuming certain conditions were met.

      a      all fan organization membership dues,

      b      all fees for calculating and maintaining competitive SCRABBLE ratings,

      c      all fees collected as entry fees for SCRABBLE tournaments that were hosted and run by Fifth Street;

      d      25% of all cash sponsorship fees collected from third parties for SCRABBLE-related activities (e g , National School SCRABBLE School Championship and National SCRABBLE Championship)

28      The Agreement provided Fifth Street a bonus, beginning in 2005, for its assistance in selling SCRABBLE products (the "Bonus") based on the following terms:

      a      $10,000.00 for every one-percent increase in retail sales levels of each SCRABBLE product line in comparison to the prior year's sales for that product line,

      b.      in the event the sales level for any SCRABBLE product line dipped below the 2004 sales level for that line, then the 2004 sales level would be used as the benchmark for purposes of calculating the Bonus;

      c.      all sales levels would be determined using Hasbro's Point of Sale Reports ("POS Reports"); and

        d       the Bonus would be determined based upon POS Reports of sales

29      For the Initial Term, Fifth Street received all of the compensation it was owed under Section 3(a) of the Agreement

### The Renewal of the Agreement Following the Completion of the Initial Term

30      After completion of the Initial Term in 2005, Fifth Street and Hasbro opted to renew the terms of the Agreement from year-to-year until July 1, 2013, when Fifth Street terminated the Agreement.

31      The Agreement's renewal terms are contained in Section 3   According to Section 3(a), "The parties shall negotiate the fee for such services [relating to the fan organization] in each calendar year after calendar year 2005 in good faith   For all other Tasks specified hereunder   the parties shall negotiate a mutually agreeable fee on an annual basis to cover Agency's responsibilities and services "

32      In accordance with Section 3(a), Hasbro and Fifth Street renewed the Agreement for each year following the completion of the Initial Term   As part of the Agreement, Fifth Street submitted an annual budget during each successive year that set forth Fifth Street's scope of services and fees in marketing SCRABBLE for the upcoming year   Hasbro signed the budget each year, thereby renewing the terms of the Agreement for that year   The renewal years are collectively referred to herein as the "Renewal Term "

33      The life of the Agreement (the Initial Term plus the Renewal Term) spanned from January 1, 2005 through July 1, 2013

34      In June 2013, shortly before the Agreement was terminated, Hasbro requested a telephone conference with Williams to discuss the scope of public communications that Williams (and Fifth Street) could make about SCRABBLE   The Hasbro representatives who participated

in the telephone conference included a Hasbro in-house lawyer, Julie Duffy (Hasbro's Vice-President of Global Communications), Nicole Agnello (Hasbro's Senior Manager of Brand Publicity), and Jack van Leer (Hasbro's Senior Marketing Manager for U.S. Gaming).

35      During that telephone conference, the Hasbro representatives emphasized that the Agreement was valid and enforceable and governed the parties' relationship.  Hasbro cited to certain provisions of the Agreement in an effort to control the scope and content of Williams's and Fifth Street's communications about SCRABBLE and their affiliation with it.

36      Relying on Hasbro's statements pertaining to the applicability and enforceability of the Agreement, Williams complied with Hasbro's request to withdraw a statement made that Hasbro deemed undesirable.

**Fifth Street's Duties and Compensation Structure for Years During the Renewal Term**

37      During the Renewal Term, Fifth Street's duties and compensation structure were governed by the terms of the Agreement and the annual budgets that were signed by Hasbro.

38      For each year of the Renewal Term, the annual budgets did not eliminate the Agreement's Bonus provision or the provision granting Fifth Street fan organization membership fees.

39      The Agreement granted Fifth Street the right to retain all fan organization membership fees.  Accordingly, from commencement to termination of the Agreement, Fifth Street retained the membership fees as part of its compensation.  In contrast, in certain years prior to the Agreement, Fifth Street relinquished the membership fees to Hasbro upon Hasbro's request.

40      Because Fifth Street's Bonus was pinned to increases in sales and SCRABBLE-related sales went up and down during the life of the Agreement, Fifth Street was entitled to a

Bonus in some years but not in others.  Yet, Fifth Street was *never* paid any of the Bonuses it earned.

41.     Upon information and belief, Hasbro's POS Reports will show a cumulative Bonus due to Fifth Street in excess of $1,000,000, based upon sales for the SCRABBLE board game, the New SCRABBLE Games and the Newly-Branded SCRABBLE Games, as well as fees earned by Hasbro from licensing the SCRABBLE Marks.

42.     This damages assessment concerns sales only in the U.S. and Canada because, upon information and belief, Hasbro does not own the rights to SCRABBLE or the SCRABBLE Marks in any other region.

<u>COUNT I</u>

**(Breach of Contract Against Defendant Hasbro)**

43.     Fifth Street repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

44.     Fifth Street and Hasbro entered into the Agreement, which sets forth the scope of Fifth Street's public relations services and compensation structure.

45.     Under the Agreement, Hasbro agreed to pay Fifth Street a Bonus – $10,000 for every 1% increase in retail sales of SCRABBLE products over the retail sales from the previous year provided that the previous year's retail sales will never be deemed lower than the sales rendered in 2004.

46.     The Agreement initially governed the parties' relationship from January 1, 2005 through December 31, 2005.

47.     Thereafter, the parties renewed the Agreement annually from 2006 through 2013 through annual budgets that set forth Fifth Street's services and compensation structure for the

following year   Each year, Hasbro signed the annual budget, in accordance with the terms of the Agreement

48      Aside from any amendments caused by the annual budget, the terms of the Agreement governed Hasbro and Fifth Street's relationship from 2005 through July 1, 2013, when Fifth Street terminated the Agreement

49      Fifth Street performed all of its responsibilities and obligations under the Agreement

50      Hasbro has breached the Agreement by failing to pay Fifth Street the Bonus that is due and owing for sales of SCRABBLE products in the United States and Canada (and elsewhere, to the extent that Hasbro owns rights to SCRABBLE or the SCRABBLE Marks in other regions)

51      Upon information and belief, when all relevant sales figures are taken into account, Fifth Street will be entitled to a Bonus exceeding $1,000,000

52      As a result of Hasbro's breach, Fifth Street has suffered monetary damages in an amount to be determined at trial

## COUNT TWO

### (Promissory Estoppel against Defendant Hasbro)

53.     Fifth Street repeats and realleges paragraphs 1 through 52 as though fully set forth herein

54.     In June 2013, Hasbro promised Williams that the Agreement was in full force and effect, having been renewed annually following the completion of the Initial Term.

55      Hasbro cited to the terms of the Agreement as a basis to control the scope and content of Williams's and Fifth Street's communications about SCRABBLE and their affiliation with it

56.     Williams relied upon Hasbro's representations that the Agreement remained in full force and effect when he withdrew a statement made that Hasbro deemed undesirable and which Hasbro asked Williams and Fifth Street to cease from making

57      Williams's and Fifth Street's reliance upon Hasbro's representations was reasonable and foreseeable and the result Hasbro intended to cause

58      Upon information and belief, Hasbro now contends that the Agreement expired at the end of the Initial Term and that the parties never renewed the Agreement

59      Upon information and belief, Hasbro has taken this contrary position solely for the purpose of avoiding its obligation to pay Fifth Street its Bonus

60      As a direct and proximate result of Hasbro's representations as alleged above, Fifth Street has suffered monetary damages exceeding, upon information and belief, $1,000,000, the precise amount to be determined at trial

## PRAYER FOR RELIEF

WHEREFORE, Fifth Street demands judgment against Hasbro as follows

1       For damages in favor of Fifth Street and against Hasbro in an amount exceeding $1,000,000, the precise amount to be determined at trial;

2       For pre-judgment interest on any amount due to Fifth Street; and

3       For such other relief as the Court may deem just and proper

Dated: March 31, 2014
     New York, New York

**RAKOWER LUPKIN PLLC**

By: _____

    Michael C. Rakower
    Melissa Yang
    Rakower Lupkin PLLC
    488 Madison Avenue, 18th Floor
    New York, New York 10022
    T (212) 660-5550
    F (212) 660-5551

    *Attorneys for Plaintiff Fifth Street*
    *Productions, Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF New York

————————————————————————x

Fifth Street Productions, Inc

                    Plaintiff/Petitioner,

        - against -

Hasbro, Inc

                    Defendant/Respondent

————————————————————————x

Index No  651012/2014

# NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202 5-bb of the Uniform Rules for the Trial Courts  This notice is being served as required by Subdivision (b) (3) of that Section

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties  Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202 5-bb(e) must immediately record their representation within the e filed matter on the Consent page in NYSCEF  Failure to do so may result in an inability to receive electronic notice of document filings

Exemptions from mandatory e-filing are limited to  1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply, and 2) self-represented parties who choose not to participate in e-filing  For additional information about electronic filing, including access to Section 202 5-bb, consult the NYSCEF website at www nycourts gov/efile or contact the NYSCEF Resource Center at 646 386-3033 or efile@courts state ny us

Dated  3/31/2014

_____ (Signature)

Michael C  Rakower (Name)

Rakower Lupkin PLLC (Firm Name)

_____ (Address)

488 Madison Avenue, 18th Floor
New York, NY 10022

(212) 660-5550 (Phone)

mrakower@rakowerlupkin com (E-Mail)

To    Hasbro, Inc
      c/o C T Corporation
      System
      111 Eighth Avenue
      New York, NY 10011

'SCEF DOC   NO   3                                                          RECEIVED NYSCEF   04/01/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

FIFTH STREET PRODUCTIONS, INC ,

                                    Plaintiff,              Index No  651012/2014
                                                           Date Purchased  3/31/2014

            -against-

                                                           **AMENDED SUMMONS**

HASBRO, INC ,

                                    Defendant

-------------------------------------------------------------------x

TO THE ABOVE-NAMED DEFENDANT,

        YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney an
answer to the complaint in this action within twenty (20) days after the service of this summons,
exclusive of the day of service, or within thirty (30) days after service is complete if this
summons is not personally delivered to you within the State of New York   In case of your
failure to answer, judgment will be taken against you by default for the relief demanded in the
complaint

        Plaintiff designates New York County as the place of trial   The venue designated is
based on defendant's residence as its principal office in New York is located at 1107 Broadway,
New York, New York 10010-2891

        Defendant's address
        Hasbro, Inc
        c/o C T Corporation System
        111 Eighth Avenue
        New York, New York 10011

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: New York, New York
     April 1, 2014

                            **RAKOWER LUPKIN PLLC**

                            By: _____

                                Michael C. Rakower
                                Melissa Yang
                        488 Madison Avenue, 18th Fl.
                        New York, NY 10022
                        Telephone: (212) 660-5550
                        Facsimile:  (212) 660-5551

                        *Attorneys for Plaintiff*
                        *Fifth Street Productions, Inc.*

YSCEF DOC NO 6

RECEIVED NYSCEF 04/04/2014

# REQUEST FOR JUDICIAL INTERVENTION
### UCS-840 (7/2012)

| | |
|---|---|
| **Supreme** _____ COURT, COUNTY OF _____ **New York** | **For Court Clerk Use Only·** |
| | IAS Entry Date |
| ndex No: __651012/2014__ Date Index Issued: __03/31/2014__ | |
| | Judge Assigned |
| **CAPTION:** Enter the complete case caption  Do not use et al or et ano  If more space is required, attach a caption rider sheet | RJI Date |
| | |
| ıfth Street Productions, Inc | |
| | |
| | |
| **Plaintiff(s)/Petitioner(s)** | |
| -against- | |
| | |
| Hasbro, Inc | |
| | |
| **Defendant(s)/Respondent(s)** | |

---

## NATURE OF ACTION OR PROCEEDING:   Check ONE box only and specify where indicated

**MATRIMONIAL**
- ○ Contested

  **NOTE**  For all Matrimonial actions where the parties have children under the age of 18 complete and attach the **MATRIMONIAL RJI Addendum**  For Uncontested Matrimonial actions  use RJI form UD 13

**TORTS**
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental _____ (specify)
- ○ Medical, Dental  or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability _____ (specify)
- ○ Other Negligence _____ (specify)
- ○ Other Professional Malpractice _____ (specify)
- ○ Other Tort _____ (specify)

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution    [see **NOTE** under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic s Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not for Profit Property
- ○ Other _____ (specify)

**COMMERCIAL**
- ○ Business Entity (including corporations  partnerships  LLCs  etc )
- ● Contract
- ○ Insurance (where insurer is a party  except arbitration)
- ○ UCC (including sales  negotiable instruments)
- ○ Other Commercial _____ (specify)

  **NOTE**  For Commercial Division assignment requests [22 NYCRR § 202 70(d)]  complete and attach the **COMMERCIAL DIV RJI Addendum**

**REAL PROPERTY**   How many properties does the application include? _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify)    ○ Residential    ○ Commercial

  Property Address _____ Street Address _____ City _____ State _____ Zip

  **NOTE**  For Mortgage Foreclosure actions involving a one  to four family owner occupied  residential property  or an owner-occupied condominium  complete and attach the **FORECLOSURE RJI Addendum**
- ○ Tax Certiorari  Section _____ Block _____ Lot _____
- ○ Tax Foreclosure
- ○ Other Real Property _____ (specify)

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration)   [see **NOTE** under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9 60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement Initial)
- ○ MHL Article 10 (Sex Offender Confinement Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene _____ (specify)
- ○ Other Special Proceeding _____ (specify)

---

## STATUS OF ACTION OR PROCEEDING:   Answer YES or NO for EVERY question AND enter additional information where indicated

| | YES | NO | |
|---|:---:|:---:|---|
| Has a summons and complaint or summons w/notice been filed? | ● | ○ | If yes  date filed 03/31/2014 |
| Has a summons and complaint or summons w/notice been served? | ● | ○ | If yes  date served 04/02/2014 |
| Is this action/proceeding being filed post judgment? | ○ | ● | If yes  judgment date |

| NATURE OF JUDICIAL INTERVENTION: | Check ONE box only AND enter additional information where indicated. |

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined. _____
- ○ Notice of Motion          Relief Sought: _____    Return Date: _____
- ○ Notice of Petition        Relief Sought: _____    Return Date: _____
- ○ Order to Show Cause       Relief Sought: _____    Return Date: _____
- ○ Other Ex Parte Application    Relief Sought: _____
- ○ Poor Person Application
- ● Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other  (specify): _____

**RELATED CASES:** List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases.
If additional space is required, complete and attach the **RJI Addendum.** If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|------------|----------------|-------|---------------------|------------------------------|
|            |                |       |                     |                              |
|            |                |       |                     |                              |
|            |                |       |                     |                              |

**PARTIES:** For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided.
If additional space is required, complete and attach the **RJI Addendum.**

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|--------|------------------------------------------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|---------------------|-----------------------|
| ☐ | Fifth Street Productions, Inc. **First Name** / **Primary Role:** Plaintiff **Secondary Role (if any):** | Rakower **Last Name** Michael **First Name** / Rakower Lupkin PLLC **Firm Name** / 488 Madison Ave., 18th Floor **Street Address** New York **City** New York **State** 10022 **Zip** / +1 (212) 660-5550 **Phone** +1 (212) 660-5551 **Fax** mrakower@rakowerlupkin.com **e-mail** | ○ YES ● NO | |
| ☐ | Hasbro, Inc. **Last Name** **First Name** / **Primary Role:** Defendant **Secondary Role (if any):** | Hasbro, Inc. **Last Name** **First Name** / **Firm Name** / 1107 Broadway **Street Address** New York **City** New York **State** 10010-2891 **Zip** / +1 (212) 206-7190 **Phone** **Fax** **e-mail** | ○ YES ● NO | |
| ☐ | **Last Name** **First Name** / **First Name** **Primary Role:** **Secondary Role (if any):** | **Last Name** **First Name** / **Firm Name** / **Street Address** **City** **State** **Zip** / **Phone** **Fax** **e-mail** | ○ YES ○ NO | |
| ☐ | **Last Name** **First Name** / **First Name** **Primary Role:** **Secondary Role (if any):** | **Last Name** **First Name** / **Firm Name** / **Street Address** **City** **State** **Zip** / **Phone** **Fax** **e-mail** | ○ YES ○ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 04/04/2014

_____
**SIGNATURE**

3067204
**ATTORNEY REGISTRATION NUMBER**

Michael C. Rakower
**PRINT OR TYPE NAME**

[ Print Form ]

Print Form

SUPREME COURT OF THE STATE OF NEW YORK

UCS-840C
3/2011

COUNTY OF **New York**

                            x

Fifth Street Productions, Inc

                                   Plaintiff(s)/Petitioner(s)

    against-

Hasbro, Inc.

                                 Defendant(s)/Respondent(s)

                                   x

Index No. **651012/2014**

RJI No. (if any)

## COMMERCIAL DIVISION
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

- [x] Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e g unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e g sales of assets or securities, corporate restructuring, partnership, shareholder, joint venture, and other business agreements, trade secrets, restrictive covenants, and employment agreements not including claims that principally involve alleged discriminatory practices)
- [ ] Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)
- [ ] Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only
- [ ] Shareholder derivative actions — without consideration of the monetary threshold
- [ ] Commercial class actions — without consideration of the monetary threshold
- [ ] Business transactions involving or arising out of dealings with commercial banks and other financial institutions
- [ ] Internal affairs of business organizations
- [ ] Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters
- [ ] Environmental insurance coverage
- [ ] Commercial insurance coverage (e g directors and officers, errors and omissions and business interruption coverage)
- [ ] Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold
- [ ] Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed].

$ 1,000,000 00 (at least)

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

Dated: **04/04/2014**

                                         SIGNATURE

                                Michael C. Rakower
                                **PRINT OR TYPE NAME**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
———————————————————————————X

Fifth Street Productions, Inc

                              Plaintiff(s),

        - vs -

Hasbro, Inc

                              Defendant(s)
———————————————————————————X

**REQUEST FOR**
**PRELIMINARY CONFERENCE**

Index No   651012/2014

        The undersigned hereby requests a preliminary conference

        The names, address and telephone numbers of all attorneys/pro se litigants appearing in the action are as follows

☒ Attorney for Plaintiff(s)          ☐ Attorney for Defendant(s)
☐ Plaintiff(s), Pro se               ☐ Defendant(s), Pro se

Michael C Rakower                    Hasbro, Inc
Melissa Yang                         1107 Broadway
Rakower Lupkin PLLC                  New York, NY 10010-2891
488 Madison Ave , 18th Fl
New York, NY 10022

( 212 ) 660 - 5550                   ( 212 ) 206 - 7190




(    )    -                          (    )    -




Dated   April 4        , 2014

                                     _____
                                     Signature

                                     Michael C  Rakower
                                     Print Name